IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
05/09/2011

|  |  |
|---|---|
| IN RE | ) |
|  | ) |
| DAVID T. ROBERTS and | ) CASE NO. 05-92598-H3-7 |
| ROSE M. ROBERTS, | ) |
|  | ) |
| Debtors, | ) |
|  | ) |

MEMORANDUM OPINION

The court has held an evidentiary hearing on the "First and Final Application of Special Litigation Counsel for Allowance of Compensation" (Docket No. 56) filed by Phillips & Akers, P.C. ("Applicant"). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the application. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

David T. Roberts and Rose M. Roberts ("Debtors") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on October 15, 2005. Janet Casciato-Northrup ("Trustee") is the Chapter 7 Trustee.

In 1998, Debtor David Roberts and other distributors, several of whom became debtors in bankruptcy, filed suit against Amway and other parties, asserting various claims based on their

roles as distributors of Amway products.  The suit was initiated in state court, and proceeded through an arbitration proceeding, litigation in the U.S. District Court for the Southern District of Texas and the Fifth Circuit Court of Appeals, and two adversary proceedings in the bankruptcy court.  Ultimately, after a mediation, the parties reached a settlement, which was approved by each of the bankruptcy courts in which the various bankruptcy cases of the distributors were pending.  In the instant case, the settlement was approved over the objection of the Debtors, in a Memorandum Opinion and an Order entered on January 5, 2011. (Docket Nos. 52, 53).

Applicant represented Debtors prepetition.  On June 29, 2006, Trustee filed an application to employ Applicant to represent this bankruptcy estate in the litigation.  Under the agreement, Applicant's compensation is 40 percent of the bankruptcy estate's net recovery, after deduction of expenses. (Docket No. 26).  Trustee's application to employ applicant was granted, by order entered on July 3, 2006.  (Docket No. 28).

Under the global settlement approved by this court and the courts addressing other cases, the Amway parties paid $2.86 million, to be disbursed to eleven individuals and thirteen bankruptcy estates.  The share of the settlement payable to this bankruptcy estate was $221,000.26.

In the instant application, Applicant seeks allowance of $88,400.10 in fees and $10,831.26 in expenses.[1]

Debtors oppose the instant application.  Debtors asserted in their response that the efforts of Applicant did not accomplish the settlement, and did not result positively in the recovery set forth.  (Docket No. 58).  At the hearing on the instant application, Debtors advanced two additional arguments.  Debtors argue that the firm should not be reimbursed for expenses incurred prepetition, and additionally imply that Applicant exceeded the scope of the bankruptcy estate's authorized employment by including in the settlement any claims Debtors may have had based on their assertion that the actions of the Amway parties forced them into bankruptcy.  Debtors presented no evidence contradictory to the testimony of Akers.

At the hearing on the instant application, Brock Akers, the attorney in charge, testified that Applicant was retained by Trustee to handle both the adversary proceeding which related to claims that resulted from the filing of the bankruptcy petition, and to appeal, and to prosecute, if successful on appeal, the underlying action against the Amway parties.  He testified that the damages Debtors asserted as a result of having filed bankruptcy were part of the damages asserted in connection with

---

[1] The instant application contains an error.  Applicant calculated fees at 40 percent of $221,000.26.  Under the employment agreement, the amount of the settlement should have been reduced by the $10,831.26 in expenses, before applying the 40 percent contingent fee.  Thus, the contingent fee is $84,067.60.  This amount will be allowed.

3

the actions of the Amway parties. This testimony is uncontroverted.

## Conclusions of Law

Under Section 328(a) of the Bankruptcy Code, if prior approval is given to a certain compensation, the court starts with that approved compensation, modifying it only for developments unforeseen when the compensation arrangement was originally approved. In re National Gypsum Co., 123 F.3d 861 (5th Cir. 1997).

In the instant case, the court approved a contingent fee agreement under which Applicant would be allowed compensation of 40 percent of the net recovery after deduction of expenses. The uncontroverted evidence is that Applicant performed the services for which it was employed. There is no evidence of developments unforeseen when the compensation arrangement was originally approved. The court concludes that the instant application should be granted, subject to correction of the error identified at Footnote 1.

Based on the foregoing, a separate Judgment will be entered granting the "First and Final Application of Special Litigation Counsel for Allowance of Compensation" (Docket No. 56).

Signed at Houston, Texas on May 9, 2011.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE